AARON D. FORD
  Attorney General
CHRISTOPHER M. GUY (Bar No. 15239)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-3326 (phone)
(702) 486-3773 (fax)
Email:  cguy@ag.nv.gov

*Attorneys for Defendants*
*Brian Williams, Isidro Baca,*
*Megan Sullivan, Daron Franklin,*
*Lisa Walsh, James Cox, James*
*Dzurenda, Dwight Neven, Romeo*
*Aranas, Gregory Bryan, Jennifer*
*Nash, Laurie Hoover, and Sheryl*
*Foster*

LISA A. RASMUSSEN, Esq.
Law Offices of Kristina Wildeveld & Associates
550 E. Charleston Blvd.
Las Vegas, NV   89101
T. (702) 222-0007 | F. (702) 222-0001
www.veldlaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KARISMA GARCIA, | Case No.  2:17-cv-00359-APG-VCF |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES AND DISPOSITIVE MOTION DEADLINES (THIRD REQUEST)** |
| STATE OF NEVADA, et al., | |
| Defendants. | |

Defendants Brian Williams, Isidro Baca, Megan Sullivan, Daron Franklin, Lisa

Walsh, James Cox, James Dzurenda, Dwight Neven, Romeo Aranas, Gregory Bryan,

Jennifer Nash, Laurie Hoover, and Sheryl Foster, by and through Aaron D. Ford, Attorney

General for the State of Nevada, and Christopher M. Guy, Deputy Attorney General, and Plaintiff Karisma Garcia (Garcia), by and through her counsel, Lisa Rasmussen (Rasmussen) of the Law Offices of Kristina Wildeveld & Associates, agree and stipulate to the following amendments to the Courts' Amended Scheduling Order[1]; and request the Court enter a third amended scheduling order.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Background

Garcia filed a complaint in this matter in 2017.[2] The case underwent this Court's screening process and a mediation conference was scheduled for July 2019.[3] Rasmussen entered her appearance for Garcia just before the early mediation conference (EMC) and represented Garcia at the EMC.[4] Although the parties participated in good faith, the parties did not reach a settlement.[5] Defendants filed an answer to Garcia's complaint shortly thereafter.[6] The Court then granted the parties proposed scheduling order in May 2020.[7]

In early July, the parties stipulated to extend the discovery deadlines and dispositive motions deadline, which this Court granted. [8] The Court, subsequently, granted the parties second request for extension in October.[9] Current defense counsel joined the Office of the Attorney General (OAG) November 30, 2020, and was shortly thereafter assigned the defense of this matter.[10] Counsel for both parties have been diligently been working to coordinate efforts to complete discovery in a timely matter, since current defense counsel was assigned this matter .[11] *Currently, discovery deadlines are as follows: Discovery closes*

---

[1] ECF No. 46.
[2] ECF No. 1-1.
[3] ECF No. 4.
[4] ECF No. 15.
[5] ECF No. 20.
[6] ECF No. 29.
[7] ECF No. 30; 31.
[8] ECF No. 40.
[9] ECF No. 46
[10] On November 24, 2020, a Change of Deputy Attorney General was filed a week before current counsel joined the OAG.
[11] EX. A (Defense Counsel Declaration).

*on January 8, 2021; dispositive motions are due February 8, 2021; and the joint pretrial order is due on March 10, 2021.*[12] Unfortunately several factors have prevented the parties efforts: 1) counsel was only recently appointed to defend this matter and thus needs additional time to review the case, (2) due to Governor Sisolak's Stay at Home 2.0 order, counsel has been required to work from home, which reduced access to case files, and (3) unforeseen delay in the exchange of medical records, and (4) due to the upcoming holidays, the OAG will be closed.[13] As a result of the aforementioned, the parties submit this Stipulation.

## II.   Legal Standard

### A.  Rule 6(b), Fed. R. Civ. Proc.

Rule 6(b)(1), Fed. R. Civ. Pro., governs extensions of time:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Under Rule 6, good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)) (internal quotations omitted).

**Local Rules 26**[14]

---

[12] ECF No. 46.

[13] The OAG observes the two upcoming Nevada holidays, which will close the office: Christmas on Friday, December 25 and New Years on Friday, January 1.

[14] "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." LR IA 6-1.

LR 26-3. EXTENSION OF SCHEDULED DEADLINES:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

> (a) A statement specifying the discovery completed;

> (b) A specific description of the discovery that remains to be completed;

> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
> (d) A proposed schedule for completing all remaining discovery.[15]

## III.   Legal Analysis

### A.   Local Rule 26-3 Requirements

#### 1.   The Discovery completed to date

To date, Garcia disclosed all of the documents in her possession on July 6, 2020. Defendants disclosed all of the documents in its possession on August 11, 2020. Although Defendants diligently worked to obtain all of Garcia's prison medical files, it nonetheless took additional time and effort.[16] Having received all required medical release forms, Defendants will mail a burned CD or flash drive to Rasmussen the week of December 28th.[17] In the meantime, Defendants have emailed a PDF copy of Garcia's medical file to Rasmussen on December 23, 2020.

---

[15] Nevada Local Court Rules 26-4

[16] Garcia is no longer in custody, which resulted in substantial effort and time to obtain the medical file. However, the records were obtained approximately on September 30, 2020.

[17] Defendants received Garcia's medical release form on November 5, 2020. Rasmussen requested the file be sent as CD or flash drive. However, due to Defendants limited access to office, we cannot fulfill her request until after the 28th. To prevent further delay, Defendants have emailed a PDF version of the medial file and will mail the medical records as soon as practicable.

### 2.      Discovery that remains to be completed

Garcia has been unable to schedule depositions because she has not been able to review the medical file. Garcia anticipates that she may take two depositions, and if information gleaned from those depositions merit additional depositions, she would consider additional depositions. Defendant anticipates taking the deposition of Plaintiff. However, further discovery may be required if applicable.

### 3.      The reason the Dispositive motion deadline cannot be completed

As detailed above, the case has moved forward with little delay. The parties have worked diligently in their prosecution of this matter. However, several factors exist as to why the parties were unable to meet the current deadlines: (1) counsel was only recently appointed to defend this matter and thus needs additional time to review the case, (2) due to Governor Sisolak's Stay at Home 2.0 order, counsel has been required to work from home, which reduced access to case files, (3) due to the upcoming holiday, the Office of the Nevada Attorney General will be closed, and (4) delays related to the transfer of medical files and medical releases have delayed progress.

### 4.      Proposed discovery schedule

Deadline to Complete Discovery: **March 1, 2021**

Deadline for Dispositive Motions: **April 1, 2021**

Deadline for Joint Pretrial Order: **May 8, 2021.**

## B.      Good Cause Supports the Extension

This Court should find good cause supports this Stipulation because the parties have labored under certain difficulties as the result of the COVID-19 restrictions. Further, Garcia has not had time to review and reflect on her medical file. Additionally, since defense counsel took over defense duties, the parties have been working together to assess the current deadlines and make necessary arrangements. As such, it was not possible to file a stipulation earlier. Moreover, depositions have not been scheduled because the parties

did not have the necessary records to move forward. Consequently, the parties require additional time to fulfill their obligations and engage in further discovery.

## IV.    CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court grant the parties Stipulation to Extend Discovery Deadlines and Dispositive Motion Deadlines (third request).

| Dated 30th day of December, 2020. | Dated 30th day of December, 2020. |
|---|---|
| By: /s/ Lisa A. Rasmussen_____<br>Lisa A. Rasmussen, Esq.<br>Law Offices of Kristina Wildeveld &<br>Associates<br>550 E. Charleston Blvd.<br>Las Vegas, NV  89101<br>www.veldlaw.com<br>*Attorneys for Plaintiff* | By: /s/ Christopher M. Guy_____<br>Christopher M. Guy, Esq.<br>Deputy Attorney General<br>Office of the Nevada Attorney General<br>555 E. Washington Avenue, #3900<br>Las Vegas, Nevada 89101<br>*Attorneys for Defendants* |

IT IS SO ORDERED.

_____
Cam Ferenbach
United States Magistrate Judge

12-30-2020
Dated:_____