AARON D. FORD
  Attorney General
Christopher M. Guy (Bar No. 15239)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 East Washington Avenue
Suite 3900
Las Vegas, Nevada 89101
(702) 486-3326 (phone)
(702) 486-3773 (fax)
Email:  cguy@ag.nv.gov

*Attorneys for Defendants*
*Brian Williams, Isidro Baca,*
*Megan Sullivan, Daron Franklin,*
*Lisa Walsh, James Cox, James*
*Dzurenda, Dwight Neven, Romeo*
*Aranas, Gregory Bryan, Jennifer*
*Nash, Laurie Hoover, and Sheryl*
*Foster*

LISA A. RASMUSSEN, Esq.
Law Offices of Kristina Wildeveld & Associates
550 E. Charleston Blvd.
Las Vegas, NV   89101
T. (702) 222-0007 | F. (702) 222-0001
www.veldlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KARISMA GARCIA,<br><br>                    Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>                    Defendants. | Case No.  2:17-cv-00359-APG-VCF<br><br>**JOINT MOTION TO EXTEND DISPOSTIVE MOTION DEADLINE (FOURTH REQUEST)** |

That the Parties, hereby move to extend the time to complete dispositive motions from April 1, 2021 until June 1, 2021.

///

///

Page **1** of 4

I.  **PROCEDURAL POSTURE**

    A.  **Discovery Completed pursuant to Local Rule 26-3[1]**

To date, Garcia disclosed all of the documents in her possession on July 6, 2020. Defendants disclosed all of the documents in its possession on August 11, 2020. Defendants provided Garcia with a PDF of all prison medical files on January 26, 2021. Garcia provided a first supplement to her initial disclosures on March 1, 2021.

    B.  **Reasons that Dispositive Motions Cannot be Completed within the Date Set by Scheduling Order**

Defendants' counsel is currently preparing for an emergency appeal in one of the two preliminary injunction cases he defended in March. In addition to the unexpected appeal, counsel faces several dispositive deadlines between March 29th and April 12th. Counsel is also required to take a mandatory furlough day April 5th. Unfortunately, an immediate family of Defendants' counsel passed away this month after contracting COVID-19. Counsel will be on bereavement leave the week of April 19th.

Under the circumstances the Parties have agreed to a 60-day extension.

///

///

///

---

[1] LR 26-3. EXTENSION OF SCHEDULED DEADLINES: A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
    (a) A statement specifying the discovery completed;
    (b) A specific description of the discovery that remains to be completed;
    (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
    (d) A proposed schedule for completing all remaining discovery.

### C.  Remaining Discovery

There is no remaining discovery, and the Parties do not anticipate circumstances that would warrant a request to reopen discovery.

### D.  Proposed Schedule

- Dispositive Motion Deadline                June 1, 2021
- Joint Pretrial Order Deadline              July 1, 2021[2]

## II.   GOOD CAUSE EXISTS TO EXTEND PENDING DEADLINES[3]

Under LR 26-3, a request made within 21 days of the subject deadline must be supported by a showing of good cause. Good cause is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Xenon Pictures, Inc.,* 624 F.3d 1253, 1259 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)) (internal quotations omitted).

As stated above, several reasons exist that led the Parties to agree to a 60-day extension. Defendants' counsel could not reasonably anticipate two preliminary injunctions, emergency litigation, and the death of an immediate family member. Under the above circumstances, the Parties agree that good cause exists.

///

---

[2] **LR 26-1(b)(5):**
Unless the discovery plan otherwise provides and the court so orders, the deadline for the joint pretrial order is 30 days after the dispositive-motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order

[3] **Rule 6(b), Fed. R. Civ. Proc.**
Rule 6(b)(1), Fed. R. Civ. Pro., governs extensions of time:
When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

## III. CONCLUSION

Based upon the foregoing reasons, the Parties request that this Court grant the requested relief and continue deadlines as requested herein.

| | |
|---|---|
| Dated 30th day of March 2021.<br><br>By: /s/Lisa A.Rasmussen         .<br>Lisa A. Rasmussen, Esq.<br>Law Offices of Kristina Wildeveld & Associates<br>550 E. Charleston Blvd.<br>Las Vegas, NV   89101<br>www.veldlaw.com<br>*Attorneys for Plaintiff* | Dated 30th day of March 2021.<br><br>By: /s/ Christopher M. Guy<br>Christopher M. Guy, Esq.<br>Deputy Attorney General<br>Office of the Nevada Attorney General<br>555 E. Washington Avenue, #3900<br>Las Vegas, Nevada 89101<br>*Attorneys for Defendants* |

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

March 31, 2021